IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRUSTEES OF THE UTAH CARPENTERS' AND CEMENT MASONS' PENSION TRUST,<br><br>Plaintiffs,<br>v.<br><br>PLANT MAINTENANCE SERVICES, INC. d/b/a INDUSTRIAL POWER CONTRACTORS PLANT MAINTENANCE SERVICES, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CV-00929-DAK |

This matter is before the court on Defendant Plant Maintenance Services, Inc.'s Motion to Set Aside Default Judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. The court does not believe that a hearing would significantly aid the court in its determination of this motion. Having fully considered the motions, memoranda, and affidavits submitted by the parties and the facts and law relevant to this motion, the court enters the following Order.

Defendant Plant Maintenance Services, Inc. ("Defendant") is a defunct corporation against whom this court granted default judgment on July 12, 2010. Defendant asks the court to set aside this default judgment for good cause pursuant to Rule 55(c) and on the grounds that Defendant has uncovered new evidence that justifies relief under Rule 60(b) of the

Federal Rules of Civil Procedure.

Plaintiff Trustees of the Utah Carpenters' and Cement Masons' Pension Trust ("Plaintiff") is a nonprofit entity that provides pension benefits to retired carpenters via a multiemployer pension plan. Plaintiff opposes the Motion to Set Aside Default Judgment on the grounds that Defendant's failure to respond to Plaintiff's lawsuit was willful, that Defendant's motion to set aside default judgment was untimely, that Defendant has not presented a meritorious defense, and that setting aside default judgment will prejudice Plaintiff.

## BACKGROUND

This case involves an action filed by Plaintiff on October 14, 2009 to collect on withdrawal liability allegedly incurred by Defendant under a multiemployer pension plan managed by Plaintiff ("first action"). The liability was allegedly incurred pursuant to a collective bargaining agreement.[1] When Defendant failed to respond to the complaint, Plaintiff moved for default judgment on May 4, 2010. This court entered default judgment against Defendant on July 12, 2010.

Sometime after the original complaint was filed, Plaintiff filed a separate action ("second action") against Jerry W. Carlson, former principle of Defendant corporation, and other parties. Defendant was not named in the second action. The second action is now before this court and has been stayed pending the outcome of Defendant's present motion to

---

[1] Defendant disputes the existence of such collective bargaining agreement. (*See* Def. Reply, at 5 ¶ 11.)

set aside default judgment.

According to Defendant, Plaintiff is now using the default judgment obtained in the first action to support its liability claim against Carlson under a "control group" theory of liability. Defendant suggests that this potentially allows Plaintiff to avoid offering proof of certain facts in the second action that would be required without the default judgment from the first action.

Defendant also argues that a critical substantive issue in both actions is whether a collective bargaining agreement was executed between Plaintiff and Defendant. According to Defendant, liability in both cases depends on the existence of a collective bargaining agreement. Defendant asserts that it has recently discovered in the course of litigating the second action that Plaintiff cannot produce a copy of the alleged collective bargaining agreement upon which Defendant's liability depends. Defendant filed its Motion to Set Aside Default Judgment on April 4, 2011.

## DISCUSSION

Defendant moves to set aside default judgment on the following grounds: (1) for good cause pursuant to Rule 55(c) of the Federal Rules of Civil Procedure; and (2) because of newly discovered evidence, pursuant to Rule 60(b). Generally, default judgments are disfavored. *See Polaski v. Colo. Dept. of Transportation,* 198 Fed. Appx. 684, 685 (10th Cir. 2006). A court may set aside default judgment under either Rule 55(c) or 60(b), *see* Fed. R. Civ. P. 55(c), 60(b). In so doing, a court balances the strong interest of deciding cases on their merits with the interest of finality. *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983); *see also Gomes v. Williams,* 420

F.2d 1364, 1366 (10th Cir. 1970) (stating that while "[t]he preferred disposition of any case is upon its merits and not by default judgment," this preference is counterbalanced by the goal of expediency).

   *1. Rule 55(c)*

Under Rule 55(c), a court may set aside a default judgment for good cause. Fed. R. Civ. P. 55(c). Courts weigh various factors in considering such a motion, including: (a) whether the defendant acted willfully or culpably in defaulting; (b) whether the defendant has a meritorious defense; and (c) whether the non-defaulting party will be prejudiced by setting aside the judgment. *See Pinson v. Equifax Credit Info., Services,* 316 Fed. Appx. 744, 750 (10th Cir. 2009).

First, Defendant was a defunct corporation not represented by counsel at the time of the litigation. The court finds that it is not entirely unreasonable for Carlson, a layperson, to believe that a claim against a business whose affairs had been wound up years before would not lead to personal liability for himself and did not require action on his part.

Second, Defendant has alleged facts–such as the lack of a collective bargaining agreement–that amount to a plausible meritorious defense. The potential relevance of this substantive issue to Plaintiff's second action now pending before this court strengthens the interest in setting aside the default judgment in order to try the first action on its merits.

Third, Plaintiff argues that any delay or uncertainty would prejudice Plaintiff in two ways: (a) delay could compromise Plaintiff's ability to fund pension benefits for its retired carpenters, and (b) because of the cost to Plaintiff of litigating the case again. However, Plaintiff waited approximately five years from the date that the debt was allegedly incurred

by Defendant to bring the action to collect. This makes Plaintiff's claim of prejudice by any delay that trying the case on its merits now might cause unpersuasive. With regard to the cost of "litigating the case again," the court notes that it is Plaintiffs who brought this action and, given the default judgment, the case has not yet been litigated on the merits at all. While delay and cost may cause some degree of prejudice to Plaintiff, such potential prejudice is not significant enough to outweigh the strong interest in having the case decided its merits.

### 2. *Rule 60(b)*

Under Rule 60(b), a court may set aside default judgment, pursuant to Rule 55(c), for various reasons including for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial…." Fed. R. Civ. P. 60(b)(2). Defendant argues that a revelation in the second action, between Plaintiff and Carlson, that Plaintiff cannot produce a copy of the alleged collective bargaining agreement amounts to newly discovered evidence that meets the requirements of Rule 60(b). The court finds this argument unsupportable. Had Defendant timely responded to Plaintiff's complaint when originally filed in the first action, the court sees no plausible reason why Defendant, exercising reasonable diligence, would not have discovered the alleged lack of a collective bargaining agreement in the course of the litigation. Therefore, Defendant's argument falls short under Rule 60(b)'s requirement that newly discovered evidence be of a kind that could not have been discovered with reasonable diligence. *See id.*

The court does not find Defendant's argument under Rule 60(b) sufficiently compelling to justify setting aside the default judgment. However, the interest in having this

case decided on its merits justifies relief under Rule 55(c), particularly where substantive issues in the first action may be central to the merits of the second action now before this court. Such interest also outweighs any slight prejudice to Plaintiff.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Set Aside Default Judgment is GRANTED.

DATED this 20th day of May, 2011.

_____
DALE A. KIMBALL,
United Sates District Judge